IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUANITA LYNN BROWN                                                                    PLAINTIFF

vs.                                          Civil No. 6:19-cv-06080

COMMISSIONER, SOCIAL                                                        DEFENDANT
SECURITY ADMINISTRATION

### MEMORANDUM OPINION

Juanita Lynn Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of

the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 11.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her disability application on January 9, 2017.  (Tr. 15).  In this

application, Plaintiff alleges being disabled due to anxiety, panic attacks, diabetes, severe sleep

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14.  These
references are to the page number of the transcript itself not the ECF page number.

1

apnea, carpal tunnel syndrome, Hepatitis C, degenerative disc disease, osteoarthritis, depression, and high blood pressure.  (Tr. 203).  Plaintiff alleged an onset date of January 9, 2017.  (Tr. 15). This application was denied initially and again upon reconsideration.  (Tr. 85-128).  Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 33-84).

On August 6, 2018, the ALJ held an administrative hearing.  (Tr. 33-84).  At this hearing, Plaintiff was present and was represented by counsel, Cheryl Chapman Langston.  *Id.*  Plaintiff and Vocational Expert ("VE") Juanita Grant testified at this administrative hearing.  *Id*

On February 27, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 12-26).  The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2020.  (Tr. 17, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 22, 2017, her amended alleged onset date.  (Tr. 17, Finding 2).

Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, osteoarthritis of the bilateral knees, degenerative disc disease of the lumbar spine, obesity, and bilateral carpal tunnel syndrome status post release.  (Tr. 18, Finding 3).  Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19-20, Finding 4).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 20-24, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  Specifically, the claimant can lift and carry, push and pull, up to 20 pounds occasionally and 10 pounds frequently.  The claimant can stand and/or walk, and sit for 6 hours each in an 8-hour workday.  Except, the claimant is limited to simple tasks, simple work related decision making, and occasional interaction with the supervisors, co-workers, and general public.

*Id.*

The ALJ determined Plaintiff was fifty (50) years old, which is defined as an individual closely approaching advanced age under 20 C.F.R. § 404.1563(d) (2008) on her amended alleged disability onset date.  (Tr. 25, Finding 7).  The ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 25, Finding 8).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW").  (Tr. 24, Finding 6).  The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 25-26, Finding 10).  The VE testified at an administrative hearing regarding her ability to perform other occupations.  *Id.*  Specifically, the VE testified Plaintiff retained the capacity to perform the following occupations: housekeeper with approximately 136,000 such jobs in the national economy; photo copy machine operator with approximately 66,000 such jobs in the national economy; and an office helper with approximately 73,000 such jobs in the national economy.  (Tr. 25).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not disabled at any time from February 22, 2017 through the date of her decision or through February 27, 2019.  (Tr. 26, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision.  (Tr. 1-6).

The Appeals Council denied this request on May 1, 2019.  *Id.*  Thereafter, on July 1, 2019, Plaintiff appealed her administrative case to this Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 12, 2019.  ECF No. 11.  Both Parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 18-19.

## 2.    <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

4

Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3.   <u>Discussion:</u>

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 18. Specifically, Plaintiff claims the ALJ erred in

finding her diabetes was non-severe.  *Id.*  Because the Court agrees with Plaintiff and finds the ALJ erred by finding her diabetes was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to diabetes and the associated pain from her diabetes.  (Tr. 49, 203).  Plaintiff's blood sugar levels remain very elevated despite her medications.  (Tr. 393-394).  In her decision, the ALJ found Plaintiff's diabetes was non-severe, noting that after medication, there was "improvement in blood sugars."  (Tr. 18).  This finding is inconsistent with her medical records, which recognized that despite these medications, her blood

sugar levels were still very high.  (Tr. 390).  For example, her levels were 322 mg/dl on March 24, 2017; 225 mg/dl on June 26, 2017; and 247 mg/dl on September 12, 2017.  (Tr. 388, 391, 393). Even after fasting and taking her medications, her fasting blood sugar level was 275 mg/dl.  (Tr. 571).  These numbers were despite her medications and she repeatedly reported suffering from diabetic neuropathy, which is supported by her medical records.  (Tr. 571).

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon this report, Plaintiff has presented sufficient evidence demonstrating her diabetes and associated diabetic neuropathy meets that standard.  Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of June 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE